IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUGUSTUS QUINTRELL LIGHT, | : | |
| Petitioner | : | CIVIL NO. 3:CV-15-1572 |
| v. | : | (Judge Conaboy) |
| WARDEN EBBERT, | : | |
| Respondent | : | |

FILED
SCRANTON
OCT 0 6 2015
PER _____ CR
DEPUTY CLERK

## MEMORANDUM
### Background

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed by Augustus Quintrell Light, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg). The Petition is accompanied by an in forma pauperis application which will be granted for the sole purpose of the filing of the petition with this Court. Named as Respondent is USP-Lewisburg Warden Ebbert.

Light challenges the legality the enhancement of his sentence under the Armed Career Criminal Act (ACCA). See Doc. 1, ¶ 13. His pending Petition indicates that the determination that he was subject to a ACCA sentence enhancement on the grounds that he had a prior state conviction for "fleeing in motor vehicle" was improper. Id., GROUND ONE. Petitioner explains that "the catchall definition of violent felony in the ACCA is unconstitutionally vague." Doc. 3, p. 1. He adds that

1

he is entitled to relief under the case his conviction for felony flight no longer qualifies as a predicate offence for an ACCA enhancement under the recent, June 26, 2015 United States Supreme Court decision of Johnson v. United States, 135 S. Ct 2551 (2015).[1] As relief, Light seeks a "remand for resentencing." Doc. 1, ¶ 15.

By way of background, Petitioner was convicted of being a felon in possession of a firearm following a jury trial in the United States District Court for the District of Minnesota. See United States v. Light, 406 F.3d 995, 996 (8th Cir. 2005). On April 5, 2004, Petitioner was sentenced to a 235 month term of imprisonment by the District of Minnesota. The Eighth Circuit Court of Appeals in affirming Petitioner's conviction and sentence noted that "Light had an extensive history of violent felonies and serious drug offenses" and indicated that he "was subject to a 15 year mandatory minimum" and the "Armed Career Criminal provision." See Light, 406 F. 3d at 1000.

In addition to his unsuccessful direct appeal, Petitioner acknowledges that he previously filed motions seeking relief pursuant to 28 U.S.C. § 2255 which also challenged his ACCA sentence enhancement. See Doc. 3, ¶ 10. According to the Petitioner, his § 2255 motions were denied by both the

---

[1] In Johnson, the United States Supreme Court held that the residual clause of the ACCA was unconstitutionally vague. See United States v. Terry, 2015 WL 4255527 (W. D. Pa. July 14, 2015)

2

sentencing court and the Eighth Circuit Court of Appeals. In addition, Petitioner filed a motion for actual innocence with the sentencing court which similarly asserted an unsuccessful ACCA challenge. See Light v. United States, 2011 WL 148278 *1 (D. MN Jan. 18, 2011). He also filed a prior § 2241 action with this court which argued that he was the subject of an improper ACCA enhancement.

## Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479

3

\*1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). Federal habeas relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

When challenging the validity of a federal sentence, and not the execution of his sentence, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, No. 08-3898, 2009 WL 1154194, at \*2 (3d Cir. Apr. 30, 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence") A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §

4

2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 2009 WL 1154194, at *2 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 2009 WL 1020218, at *2 (3d Cir. Apr. 16, 2009).

Petitioner is clearly challenging the validity of his sentence which was imposed by the District of Minnesota. Light does not contend that he is actually innocent of the underlying federal criminal offense. Based upon the nature of his claim, Petitioner must do so by following the requirements of § 2255.

With respect to his sole claim of being improperly subjected to an ACCA sentence enhancement, it has been recently recognized by one appellate court that Johnson is a new

substantive rule of constitutional law that is retroactively applicable in a collateral attack on a final conviction. See Price v. United States, 2015 WL 4621024 (7th Cir. Aug. 4, 2015). However, the Tenth Circuit Court of Appeals in In Re Gieswein, 2015 F.3d 5534388 * 5 (Sept. 21, 2015) held the opposite, deciding that the Supreme Court did not expressly state that Johnson applies retroactively. Based upon this Court's research, the Third Circuit Court of Appeals has not yet spoken on the matter.

It is apparent that the reasoning set forth by Judge Caputo of this Court in Wood v. Maiorana, 2015 WL 4663267 *4 (M.D. Pa. Aug. 6, 2015) should be followed in this case given the very recent decision of Johnson and the contrary approaches taken to date by the Courts of Appeals regarding the retroactivity of Johnson. Wood recognized that since § 2255 plainly provides an avenue for litigating the merits of a Johnson based sentencing claims, such an argument should be addressed by the court which is ultimately the most appropriate forum, i.e. the sentencing court.

Petitioner acknowledges that he previously pursued an unsuccessful § 2255 motion. Consequently, Light must obtain certification from the appropriate Court of Appeals to file another collateral challenge to his conviction and sentence. However, neither the sentencing court nor the Eighth Circuit

Court of Appeals have had opportunity to address the validity of Light's pending Johnson based argument.

Given those circumstances, the reasoning set forth in Wood, the conflicting approaches taken by the Courts of Appeals regarding Johnson, and Light's failure to demonstrate that he is actually innocent of the underlying criminal offense, Petitioner's § 2241 petition will be dismissed without prejudice. See Anderson v. Snyder-Norris, No. 15-CV-57, 2015 WL 5174234 *5 (E.D. Ky. Sept. 2, 2015), Cockrell v. Kreuger, No. 1:15-CV-1279, 2015 WL 4648029 (C.D. Ill. Aug. 5, 2015)

If Petitioner wishes to challenge his ACCA sentence enhancement under Johnson he may do so by seeking authorization from the Eighth Circuit Court of Appeals to file a second or successive § 2255 petition regarding his Johnson claim. See id. An appropriate Order will enter.


S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge


DATED: OCTOBER 7, 2015